**Shengchao WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71615.
Agency No. A75–682–670.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel K.Y. Fong, Law Offices of Daniel K.Y. Long, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John E. Cunningham, II, DOJ—U.S. Department of Justice Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM**

Shengchao Wang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have juris-

** This disposition is not appropriate for publication and may not be cited to or by the

diction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny in part and grant in part the petition for review.

■ Substantial evidence does not support the IJ's adverse credibility finding. Petitioner's discrepancy regarding his arrest date is an improper basis because minor date discrepancies do not support an adverse credibility finding. *See Blanco–Comarribas v. INS*, 830 F.2d 1039, 1043 (9th Cir.1987). Because there is no evidence that petitioner attended events in the United States merely to support his asylum claim, or that his wife was not arrested in China, and speculation does not support an adverse credibility decision, these findings are not supported. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000).

■ The IJ's finding that petitioner's demeanor was insincere, unresponsive, evasive, and lacked consistency is not supported by the record, and the IJ failed to specifically refer to the non-credible aspects of his demeanor. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 686 (9th Cir. 2003); *see also Singh v. Ashcroft*, 301 F.3d 1109, 1113–14 (9th Cir.2002) (holding that agency must specify examples of unresponsiveness).

The IJ's findings regarding the petitioner's association with the Falun Gong are not supported. The record shows that there was no inconsistency regarding where the petitioner became acquainted with Falun Gong, as the government concedes, and where he practiced his exercises and who he was with when he was arrested. *See He v. Ashcroft*, 328 F.3d 593, 600–03 (9th Cir.2003). Also, as the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

government admits, petitioner's testimony that he was slapped by an officer standing behind him was not implausible. *See Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000) (per curiam) (implausibility finding based on impermissible grounds). Because the omission of an item on his application was minor, this fails to support an adverse credibility finding. *See Singh*, 301 F.3d at 1112. Finally, the IJ impermissibly required petitioner to provide corroborating evidence. *See Arulampalam v. Ashcroft*, 353 F.3d 679, 688 (9th Cir.2003).

Accordingly, we grant the petition in part and remand to determine whether, accepting petitioner's testimony as credible, he is eligible for asylum, withholding of removal, and CAT relief. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Finally, petitioner's due process contention lacks merit because he cannot demonstrate prejudice. *See Cano–Merida v. INS*, 311 F.3d 960, 965 (9th Cir.2002) (stating alien must show prejudice to prevail on a due process claim). We deny this aspect of his petition.

**DENIED in part; GRANTED and REMANDED in part.**